UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

In re:

    Warren V. Vail, III,
           Debtor.


Filed & Entered
On Docket
July 16, 2008

Chapter 7 Case
# 07-10486

ORDER
DENYING DEBTOR'S MOTION TO COMPEL TRUSTEE TO ABANDON CAUSE OF ACTION;
DENYING TRUSTEE'S MOTION TO APPROVE SETTLEMENT OF CLAIM; AND
AUTHORIZING TRUSTEE TO ASSIGN CAUSE OF ACTION TO DEBTOR

On April 18, 2008, Warren V. Vail, III (the "Debtor") moved for an order abandoning a putative asset of the estate (doc. # 26). In his motion, the Debtor described the asset as "all interest in a civil lawsuit entitled Warren Vail v. Matotte Movers & Foremost Insurance, Washington Superior Court, Montpelier, Vermont; Docket 298-4-07 wncv; Filed April 17, 2007." Id. The Debtor explained that the lawsuit was a tort action for negligence. He had purchased a used mobile home to be delivered to a Montpelier site, but the home mover broke down en route and left the mobile home at a site in Barre, Vermont, where it was destroyed by vandalism. The Debtor sued the mover and insurance company, and the merits of the case were contested. The Defendants in the state court action made a $5,000 settlement offer. The Debtor wanted the lawsuit excluded from his bankruptcy estate and asked this Court to grant that relief on one of two theories: either that the lawsuit was an exempt asset and therefore not property of the estate, pursuant to 11 U.S.C. § 541, or that the case trustee should abandon the asset as burdensome or of inconsequential value to the estate, under 11 U.S.C. § 554.

On May 29, 2008, the chapter 7 case trustee objected to the motion to abandon (doc. # 27), stating that he had tentatively settled the lawsuit for $5,000 and had simultaneously filed a motion to approve the settlement pursuant to Fed. R. Bankr. P. 9019 (doc. # 28). The trustee asserted that the attorney who had previously represented the Debtor in the state court action had withdrawn and the trustee had been unable to find a successor attorney; the trustee was unwilling to proceed with the lawsuit unless an attorney prosecuted it; if the Debtor's motion was approved, there would be no recovery for the creditors of the estate; and although the settlement was modest, it preserved some value for the estate (doc. # 27).

On June 12, 2008, the Debtor objected to the Trustee's Motion to Approve Compromise and Settlement (doc. # 29). In his papers, the Debtor asserted that he and the trustee had agreed that the trustee would handle the case and any recovery would be divided equally, with the 50% retained by the trustee covering any legal fees and the estate's interest in the lawsuit, subject to the Debtor's exemption limit.

The Debtor complained that the trustee thereafter settled the claim for $5,000, without consulting him. The Debtor also argued that the settlement was inadequate, noting that he had offered the trustee $2,000 to abandon the lawsuit, which the trustee rejected. The Debtor concluded by saying that he had listed the lawsuit as 100% exempt in his schedules; the trustee had not objected and therefore had forfeited his right to administer the asset as property of the estate and had no interest in the lawsuit; if the lawsuit was worth only $5,000, then it was inconsequential to the estate and should be abandoned; and that he had never agreed to the settlement of the lawsuit for $5,000 negotiated by the trustee. Id.

The Court held a hearing on the two motions on July 8, 2008. The Debtor's attorney claimed that the $2,500 recovery for the estate (pursuant to the formula that the $5,000 settlement would be divided equally between the estate and the Debtor), minus the trustee's fees, would net only a de minimis sum of money for the estate. Moreover, given that there was a $73,000 unsecured debt and a large undersecured debt totaling more than $100,000, the dividend to unsecured creditors would be no more than 1%. This lawsuit, he argued, was therefore of inconsequential value to the estate. The attorney added that the Debtor wanted the lawsuit abandoned so that he could pursue it on his own, *pro se*. The trustee did not dispute the Debtor's assessment of the likely projected distribution to creditors but reasserted his position that without an attorney prosecuting the cause of action a more sizeable recovery was not likely and the creditors should benefit from any recovery. Based on those facts and arguments, the Court denied the trustee's motion to approve settlement, finding that the settlement proposed constituted an asset of inconsequential value to the estate.

However, based upon the Debtor's assertions of potential value to the claim if he were allowed to prosecute it, the Court also denied the Debtor's motion to compel the Trustee to abandon the cause of action. The trustee proposed at the hearing that he would be willing to assign the claim to the Debtor, with the caveat that the agreement with respect to the 50-50 split, and the trustee's extension of time to object to any exemption of lawsuit proceeds, remain intact. The Debtor did not object to this proposal. Accordingly, the Court authorizes the trustee to assign the cause of action to the Debtor, directing that the consideration for the assignment would be that the Debtor pay at least one-half of the proceeds recovered in the cause of action to the estate, with the precise amount to be set after the Court determines what portion of the proceeds are exempt. (For purposes of making this allocation computation, whether the Debtor retains counsel is key: if the Debtor retains counsel in the state court proceeding, the counsel fees would be paid first, and the remaining net proceeds would be split equally between the Debtor and the estate; whereas, if the Debtor litigates the claim in state court *pro se*, then it would the gross proceeds that would be subject to the exemption determination and split between the Debtor and the estate. Approval of that allocation will then be determined by reference to the exemption allowance.)

The trustee had already been granted an extended deadline for objecting to the Debtor's exemption (doc. # 16) and that deadline is hereby further extended to 45 days after the Debtor obtains a final resolution in the state court litigation, through exercise of the assignment authorized by this Order.

Therefore, IT IS HEREBY ORDERED that

1. the trustee's motion to approve settlement is denied;
2. the Debtor's motion to compel the trustee to abandon the state court cause of action is denied;
3. the trustee is authorized to assign the state court cause of action to the Debtor,
4. in consideration of this assignment, the Debtor may retain the lesser of one-half of the proceeds or the exempt portion of the proceeds; and
5. the deadline for the trustee to object to the exemption of the Debtor's interest in the proceeds of this lawsuit will be 45 days after final resolution of the state court litigation.

SO ORDERED.

July 16, 2008  
Rutland, Vermont

_____  
Colleen A. Brown  
U.S. Bankruptcy Court Judge